IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |  |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:00-107-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Marcus Mandel Ellis, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Marcus Mandel Ellis' ("Ellis") pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (§ 2255 Mot., ECF No. 222.) After a thorough review, the court finds that it lacks jurisdiction to consider Ellis' motion. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)), abrogated in part on other grounds by United States v. McRae, 793 F.3d 392, 397-400 (4th Cir. 2015). "The court of appeals must examine the application to determine whether it contains any claim that satisfies . . . § 2255." Id. "Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences." Jones v. Hendrix, No. 21-857, 2023 WL 4110233, at *9 (U.S. June 22, 2023). The applicant must come forward with "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). Alternatively, the applicant may cite "a new rule of constitutional

1

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. § 2255(h)(2); see also In re Vassell, 751 F.3d 267, 269 (4th Cir. 2014) ("Under this procedure, '[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]' – namely . . . that the application presents a claim that 'relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"). In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application. Winestock, 340 F.3d at 205.

Because Ellis has previously filed a § 2255 motion that was adjudicated on the merits, the instant motion is successive. See (September 23, 2003 Opinion and Order, 6:03-2954, ECF No. 2.) Therefore, because Ellis has not obtained authorization from the appropriate United States Court of Appeals to proceed with a second or successive § 2255 motion, the court lacks jurisdiction over the instant § 2255 motion. Based on the foregoing, Ellis' § 2255 motion is dismissed.[1]

---

[1] Because this is a successive motion pursuant to § 2255, this case is not controlled by Castro v. United States, 540 U.S. 375, 383-84 (2003).

It is therefore

**ORDERED** that Ellis' § 2255 motion, docket number 222, is dismissed.  It is further

**ORDERED** that a certificate of appealability is denied because Ellis has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
June 28, 2023

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.